RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PHILLIP DAVIS | DOCKET NO. 12-CV-1788; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. §2254) filed by pro se Petitioner Phillip Davis. At the time of fling, Petitioner was an inmate in the custody of the Louisiana Department of Corrections (DOC) incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges a sentence imposed following his guilty plea to first degree robbery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

On June 16, 2004, in the Tenth Judicial District Court, Parish of Natchitoches, Petitioner pled guilty to the charge of First Degree Robbery and was sentenced to eight and one-half years of imprisonment pursuant to a plea agreement. Thereafter, the state filed a motion to correct an illegal sentence, and Petitioner also sought relief, as the trial court failed to state that the sentence was to be served without parole eligibility. [Doc. #1-2, p.1] Ultimately, the sentence was vacated and Petitioner was allowed to withdraw his guilty plea.

On February 6, 2008, Petitioner pled guilty a second time to the same charge, only without any agreed upon sentence or plea bargain this time. [Doc. #1-3, p.10] On May 28, 2008, following a sentencing hearing, Petitioner was sentenced to ten years of imprisonment. [Doc. #1-3, p.10]  Petitioner did not appeal his conviction and sentence.

On November 19, 2008, Petitioner filed a "motion to correct an illegal sentence," claiming that the additional 1.5 years of the new sentence violated his right to due process.  The motion was denied on March 5, 2010. [Doc. #7, p.17-21]

On April 22, 2010, Petitioner filed an application for post-conviction relief, which was denied by the trial court as repetitive on or about June 14, 2010. [Doc. #1-2, p.1]  Petitioner sought a writ of review in the Third Circuit Court of Appeal on August 12, 2010.  The court denied writs on May 9, 2011.  [Doc. #7, p.29].  Petitioner sought rehearing, which was denied on July 13, 2011. [Doc. #1-3, p.6] Petitioner applied for supervisory and/or remedial writs in the Louisiana Supreme Court which were denied on April 27, 2012.  He sought reconsideration, which was denied on June 1, 2012.

The petitioner was ordered to supplement his petition with copies of various documents.  The order was returned to the Court as undeliverable on October 3, 2012.  On December 18, 2012, the Order was forwarded to Petitioner at his address, as Petitioner had

been released from custody on "good time" release. [Doc. #5] Petitioner's response was filed on January 2, 2013. [Doc. #7]

### Law and Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the district court can dismiss a petition if it appears plainly on the face of the petition that the petitioner is not entitled to relief. A review of the petitioner's pleadings and exhibits establishes beyond any doubt that Petitioner is not entitled to relief and his habeas petition should therefore be dismissed with prejudice in accordance with Rule 4.

Even presuming that Petitioner is entitled to tolling for the time in which the collateral attacks on his sentence were pending, his petition is still subject to dismissal.[1] He complains that he was deprived of due process in receiving a greater sentence and that his plea was not voluntary.

Petitioner argues that his sentence should be limited to the eight and one half year sentence originally imposed, and that the additional 1.5 years was in violation of his right to due process.

---

[1] Petitioner did not appeal his conviction and sentence. Thus, for purposes of the AEDPA, his conviction became final thirty days after imposition of sentence, on or about June 28, 2008. Approximately 4.5 months later, on November 19, 2008, Petitioner filed a "motion to correct an illegal sentence" which remained pending until March 5, 2010. His application for post conviction relief was filed on April 22, 2010, and denied on June 14, 2010. His writ of review was filed on August 12, 2010. The court denied writs on May 9, 2011. Petitioner sought rehearing, which was denied on July 13, 2011. He applied for supervisory and/or remedial writs in the Louisiana Supreme Court which were denied on April 27, 2012. He sought reconsideration, which was denied on June 1, 2012. Twenty-six days later, he filed this petition under Section 2254.

Petitioner cites State v. Desdunes, 579 So.2d 452 (La. 1991)(*per curiam*)(stating that resentencing judge considers intent of original sentencing judge), *overruled in part*, State v. Harris, 665 So.2d 1164 (La.1996)(*per curiam*) in support of his claim that the sentence violates his right to due process. Petitioner's first sentence was vacated after both petitioner and the district attorney filed motions noting that the Court had not informed Petitioner that he was ineligible for parole, probation, or suspension of sentence. [Doc. #7, p.17] However, Petitioner was not merely resentenced. The district court found that the original plea was not knowing and voluntary since Petitioner was not informed that the sentence would be without parole, probation, or suspension. Thus, the Court allowed Petitioner to withdraw his guilty plea. The record reflects that Petitioner **"was advised of the risks of withdrawing his guilty plea but chose to do so anyway."** In fact, defense counsel told Petitioner that if he chose not to accept the 8.5 year offer, then *he could receive a greater sentence at a later time.* [Doc. #7, p.71-72]

Years later, when Petitioner decided to plead guilty a second time, the 8.5 year offer was no longer on the table. Thus, Petitioner's second guilty plea was made **without an agreed to, determinate sentence with the District Attorney.** The sentencing court noted that the original 8.5 year sentence had been imposed by the prior judge strictly pursuant to the plea agreement, and

without consideration of Petitioner's prior criminal history. [Doc. #7, p.17] At the second sentencing hearing, the court heard testimony from witnesses, considered a pre-sentence investigation documenting Petitioner's prior criminal history, heard a statement that Petitioner gave at the time of his arrest, and considered several mitigating factors.² The Court provided extensive reasons for finding that a sentence of ten years was appropriate. [Doc. #7, p.74-78] Regardless, although <u>Desdunes</u> requires that the record reflect consideration by the re-sentencing judge of the intent of the judge who imposed the original sentence, a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus. <u>Haynes v. Butler</u>, 825 F.2d 921, 924 (5th Cir. 1987).

Petitioner next claims that his plea was not knowing and voluntary because he was not aware that he was giving up the right to confront or cross-examine witnesses. Before accepting a plea of guilty, the trial court must ensure that the defendant fully understands the plea and its consequences. <u>See</u> <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). For federal habeas purposes, a defendant understands the consequences of his plea if he understands the

---

²Although Petitioner claims the court did not consider any "mitigating factors" in coming up with the ten year sentence, the record clearly shows this contention is false. The judge specifically stated several times that mitigating factors were considered. In fact, the judge noted that Petitioner received a sentence on the low end of the guidelines *because* the Court considered the mitigating factors. [Doc. #7, p.78]

maximum sentence he may receive. See <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1082 (5th Cir. 1985), *cert. denied*, 474 U.S. 838 (1985). The Fifth Circuit has held repeatedly that a specific express articulation and waiver of constitutional rights is not mandated, but it is necessary to show that the plea was voluntarily and intelligently given. See <u>Neyland v. Blackburn</u>, 785 F.2d 1283, 1287 (5th Cir. 1986).

The plea transcript establishes beyond any doubt that petitioner's plea was knowing and voluntary. He was represented by counsel at both his first and second plea hearings. He acknowledged verbally and in writing that he was waiving his constitutional rights by entering a plea of guilty. The Court specifically inquired:

> "Do you understand that by entering a plea of guilty you wave the following constitutional rights: The right to be tried before a jury, **the right to have all witnesses as to any facts constituting the crime to be sworn and testify before this Court and you**?" [Doc. #7, p. 54] (emphasis added)

Petitioner responded:

> "Yes Your Honor." [Doc. #7, p.54]

The judge further advised:

> "Whoever commits the crime of First Degree Robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years without benefit of parole, probation or suspension of imposition or execution of sentence. Do you understand that sir?"

Petitioner replied:

> "Yes Your Honor." [Doc. #7, p.54]

6

Petitioner advised the court that he had discussed the plea with his attorney and that he understood he was giving up his right to have guilt proven beyond a reasonable doubt. [Doc. #7, p.54] The judge asked the attorney if she had advised Petitioner of his constitutional rights, and she replied in the affirmative. [Doc. #7, p.55]

The judge ensured that Petitioner understood that if his plea was accepted, there was **no promise by way of the plea as to what Petitioner's sentence would be**. Petitioner responded, "Yes Your Honor." [Doc. #7, p.56] The judge informed Petitioner that his sentence would not be determined until after a pre-sentence investigation was completed. Petitioner indicated that he understood. Petitioner advised the court that he had read the plea agreement and had reviewed same with his attorney. [Doc. #7, p.54] He indicated, twice, that he was completely satisfied with the services and assistance his lawyer provided and that he had sufficient time to talk to his lawyer about the plea agreement. [Doc. #7, p.56-57] Petitioner acknowledged that his attorney had read to him the "Determination of Understanding of Constitutional Rights" regarding the consequences of pleading guilty, and the form executed by Petitioner advised him of that right. [Doc. #7, p.57] See e.g., State v. Fontenot, 38 So.3d 1122 (La.App. 3 Cir. 2010). The attorney also advised that she read the plea agreement to her client. [Doc. #7, p.57] Petitioner acknowledged verbally and in

writing that he understood he was giving up his constitutional rights, including the right to confront witness, by entering a guilty plea and that his sentence would not be determined until after a pre-sentence report was provided.

Finally, Petitioner's plea was not rendered infirm because the trial judge said he had "the right to have all witnesses as to any facts constituting the crime to be sworn and testify before this Court and you" instead of using the words "cross examine." Petitioner has made zero showing that his plea was anything but voluntary. Petitioner's claim that he was deprived due process is without merit.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, since it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

*Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.*

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 15 day of March, 2013.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```